Case 7:23-cv-00055   Document 3   Filed on 02/17/23 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
FILED

FEB 17 2023

Nathan Ochsner
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| PERLA GARCIA<br>*Plaintiff* | § § § § § | CIVIL ACTION NO. 7:23-cv-00055 |
| VS. | § § § | |
| WONDERFUL SALES LLC<br>*Defendant* | § § § | |

## WONDERFUL SALES LLC'S ORIGINAL ANSWER[1]

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, WONDERFUL SALES LLC, named Defendant in the above styled and numbered matter, and files this its Original Answer to Plaintiff's Original Complaint, and will show as follows. Plaintiff is Perla Garcia, hereinafter referred to by name or as Plaintiff. Defendant Wonderful Sales LLC will hereinafter be referred to by name or as Defendant.

### ORIGINAL ANSWER

### I. Discovery Control Plan

1. Answering paragraph 1, Defendant denies the legal conclusion contained in said paragraph in light of the Defendant's removal of this case to federal court.

---

[1] Simultaneously with the filing of Defendant's Original Answer, Defendant Wonderful Sales LLC is filing its Motion to Compel Arbitration.

{3356238.2}  1

## II. Parties

2. Answering paragraph 2, Defendant admits, on information and belief, that Plaintiff resides in Texas.

3. Answering paragraph 3, Defendant admits that it is a limited liability company with a registered agent for service in Texas. Except as expressly admitted, Defendant denies the remaining allegations and legal conclusions contained in said paragraph.

## III. Jurisdiction and Venue

4. Answering paragraph 4, Defendant admits only that Plaintiff seeks certain relief in this lawsuit and that the alleged damages exceed minimum jurisdiction requirements. Defendant expressly denies that Plaintiff is entitled to any relief whatsoever, that venue is proper in Hidalgo County, Texas, or that all or a substantial part of the events giving rise to the claim occurred in Hidalgo County, Texas. Except as expressly admitted, Defendant denies the remaining allegations and legal conclusions contained in said paragraph.

5. Answering paragraph 5, Defendant admits only that it does business in the state of Texas. Except as expressly admitted, Defendant denies the remaining allegations and legal conclusions contained in said paragraph.

## IV. General Allegations

6. Answering paragraph 6, Defendant admits only that Plaintiff began her employment with Defendant in 2008, that Plaintiff was promoted in 2018 to District Sales Manager, and that Plaintiff's employment was terminated on June 24, 2021. Except as expressly admitted, Defendant denies the remaining allegations contained in said paragraph.

## V. Claims

7.     Answering paragraph 7, Defendant admits that Plaintiff brings allegations against Defendant, but denies that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted, Defendant denies the remaining allegations contained in said paragraph.

**A.     Unlawful Employment Discrimination**

8.     Answering paragraph 8, Defendant admits only that Plaintiff's employment was terminated on June 24, 2021. Except as expressly admitted, Defendant denies the remaining allegations contained in said paragraph.

9.     Answering paragraph 9, Defendant lacks knowledge or information sufficient to form a belief as to when Plaintiff first submitted this Charge of Discrimination to the TWC.

10.    Answering paragraph 10, Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's filing of a corrected Charge of Discrimination to the TWC.

11.    Answering paragraph 11, Defendant admits, on information and belief, that Plaintiff's Charge of Discrimination was duel filed with the TWC and U.S. Equal Employment Opportunity Commission ("EEOC") and assigned EEOC Charge No. 31C-2021-01162. Except as expressly admitted, Defendant denies the remaining allegations contained in said paragraph.

12.    Answering paragraph 12, Defendant lacks knowledge or information sufficient to form a belief as to the date Plaintiff received such notice from the EEOC. Except as expressly admitted, Defendant denies the remaining allegations contained in said paragraph.

13.    Answering paragraph 13, Defendant admits, on information and belief, that Plaintiff filed a lawsuit within 90 days of the EEOC Dismissal and Notice of Rights issuance. Except as expressly admitted, Defendant denies the remaining allegations contained in said paragraph.

14. Answering paragraph 14, Defendant denies the allegation contained in said paragraph on the basis that Plaintiff is obligated to arbitrate her claims. Except as expressly admitted, Defendant denies the remaining allegations contained in said paragraph.

15. Answering paragraph 15, Defendant denies the allegations contained in said paragraph.

16. Answering paragraph 16, Defendant admits, upon information and belief, that Plaintiff is a Hispanic/Latino female and member of a protected class.

17. Answering paragraph 17, Defendant admits only that Plaintiff was promoted to District Sales Manager. Except as expressly admitted, Defendant denies the remaining allegations contained in said paragraph.

18. Answering paragraph 18, Defendant denies Plaintiff was treated less favorably than others similarly situated. Defendant admits that four months after Plaintiff's termination another employee was transferred to her position who was not in her protected class. Except as expressly admitted, Defendant denies the remaining allegations contained in said paragraph.

19. Answering paragraph 19, Defendant admits that Plaintiff's employment was terminated on June 24, 2021. Except as expressly admitted, Defendant denies the remaining allegations contained in said paragraph.

20. Answering paragraph 20, Defendant denies the allegations contained in said paragraph.

21. Answering paragraph 21, Defendant admits that it has 15 or more employees.

22. Answering paragraph 22, Defendant admits that Plaintiff sues Defendant and seeks certain specified relief, but Defendant denies that Plaintiff is entitled to any relief whatsoever.

Except as expressly admitted, Defendant denies the remaining allegations and legal conclusions contained in said paragraph.

**B.     Reservation of Rights**

23.     Answering paragraph 23, Defendant admits that Plaintiff reserves rights, but denies that Plaintiff is entitled to any relief whatsoever.

### VI. Jury Demand

24.     Answering paragraph 24, Defendant admits that Plaintiff demands a jury trial, but denies that Plaintiff has the right to do so as she is obligated to arbitrate her claims.

### VII. Prayer

25.     Answering paragraph 25, Defendant admits that Plaintiff seeks certain relief in this lawsuit, but denies that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted, Defendant denies the remaining allegations contained in said paragraph.

### DENIAL OF REMAINING ALLEGATIONS

26.     To the extent the Complaint contains allegations against Defendant that have not been admitted or denied above, Defendant denies each and every such allegation.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

27.     Plaintiff has failed to state a claim or cause of action against the Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory Reason)

28. Plaintiff's claims fail because at all times Defendant acted with a legitimate, non-discriminatory purpose. Defendant's actions were a just and proper exercise of management discretion, which were undertaken for a fair and honest reason and in good faith and were reasonably based upon the facts as Defendant understood them.

## THIRD AFFIRMATIVE DEFENSE

### (No Protected Activity)

29. Plaintiff's claims fail because Plaintiff fails to allege that she engaged in any protected activity.

## FOURTH AFFIRMATIVE DEFENSE

### (No Disparate Treatment)

30. Plaintiff's claims fail because there is no evidence that Plaintiff suffered any disparity in treatment.

## FIFTH AFFIRMATIVE DEFENSE

### (No Causation)

31. Plaintiff's claims fail because there is no evidence of causation between Plaintiff's termination and her alleged protected activities. Defendant's termination of Plaintiff's employment was based solely on information, observation, and evidence that was not related to the Plaintiff's alleged protected activities.

## SIXTH AFFIRMATIVE DEFENSE

### (No Injury)

32. Plaintiff has suffered no cognizable injury attributable to Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Plead with Certainty and Particularity)

33. Plaintiff's allegations are not pled with sufficient particularity and are uncertain, vague, ambiguous and unintelligible.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

34. Defendant would show that any loss or damages alleged by Plaintiff, if any, were caused in whole or in part by Plaintiff's failure to use reasonable efforts to mitigate her damages. A plaintiff must make reasonable efforts to find comparable employment to limit their damages following the termination of the plaintiff's employment.

## NINTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

35. An award of punitive damages against Defendant is barred because the Complaint fails to allege facts sufficient to support any claim of malice, oppression, or fraud against Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Due Process)

36. An award of punitive damages against Defendant is barred by the due process and equal protection provisions of the United States constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Attorney's Fees)

37. Plaintiff fails to allege facts sufficient to allow recovery of attorney's fees from Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Right to Jury Trial)

38.     Plaintiff has waived her right to a jury trial on these claims and must be compelled to arbitrate them in accordance with the terms of the parties' arbitration agreement.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

39.     The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, because the acts of Defendant were not the legally, proximately, or in fact, cause of the damages, if any, alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure To Exhaust Administrative and Statutory Remedies)

40.     The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, because Plaintiff failed to timely and completely exhaust the requisite administrative remedies, statutory, and/or contractual remedies available to them prior to commencing action.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence Doctrine)

41.     The Complaint, and each of the purported claims for relief alleged therein, is limited or subject to an absolute bar, in whole or in part, as to recoverable damages based on after-acquired evidence that Defendant has presently and/or may acquire during the course of this litigation.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

42. The Complaint, and of the purported claims for relief alleged therein, is barred, in whole or in part, by the doctrine of estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Acquiescence, Laches)

43. The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, by the doctrines of acquiescence and laches.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

44. The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, by the doctrine of unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Waiver)

45. The Complaint, and each of the purported claims for relief alleged therein, is barred, in whole or in part, by the doctrine of waiver.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory, Non-Retaliatory, Non-Pretextual Reasons)

46. The Complaint, and each of the purported claims for relief alleged herein, is barred in that Defendant did not commit the acts or omissions alleged in the Complaint for discriminatory and/or retaliatory motives, but assuming it did, such acts or omissions would have been taken in any event for legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Compliance with Non Discrimination, Harassment and Retaliation Policy)

47. The Complaint, and each of the purported claims for relief alleged herein, is barred in that Defendant had in place a policy to prevent discrimination, harassment and/or retaliation in the workplace and made good faith efforts to implement and enforce that policy.

### RESERVATIONS

48. Without waiving the foregoing denials and affirmative defenses but still insisting upon the same for further answer, if any be necessary, Defendant reserves their right to file any and all amended answers, cross-actions, third-party actions, counter-claims, motions, dispositive motions, including, but not limited to, motions for summary judgment, and discovery as Defendant may deem proper.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, DEFENDANT WONDERFUL SALES LLC prays that upon final trial and hearing hereof, Plaintiff takes nothing by this suit, that Defendant recover all costs incurred herein, including reasonable attorney's fees, and that Defendant have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Dated: February 17, 2023

Respectfully submitted,

By: /s/ Heather Scott

Heather Scott
State Bar No. 24046809
USDC Adm. No. 575294
GUERRA & SABO, P.L.L.C.
10123 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 541-1846
Facsimile: (956) 541-1893
Email: hscott@guerrasabo.com

Jenna W. Logoluso *(pro hac vice pending)*
Cal. Bar No. 266685
Lauren E. Babst *(pro hac vice pending)*
Cal. Bar. No. 313156
ROLL LAW GROUP PC
11444 West Olympic Boulevard
Los Angeles, California 90064-1557
Telephone: (310) 966-8400
Facsimile: (310) 966-8810
Email: jenna.logoluso@roll.com
lauren.babst@roll.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2023, the above and foregoing has been served on counsel of record as follows:

*Via Electronic Notice*
Ms. Katie Pearson Klein
Mr. William D. Mount, Jr.
DALE & KLEIN, L.L.P.
1100 E. Jasmine Ave., Ste. 202
McAllen, Texas 78501

/s/ Heather Scott
Heather Scott