United States District Court
Southern District of Texas
**ENTERED**
March 16, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| PERLA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:23-cv-00055 |
| | § | |
| WONDERFUL SALES, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

The Court now considers Defendant's motion to compel arbitration[1] and Plaintiff's response.[2] In the instant motion, Defendant argues that the parties are bound by an enforceable arbitration agreement, so this Court should compel arbitration and stay all proceedings in this action pursuant to 9 U.S.C. §§ 3-4.[3]

### I. BACKGROUND

This is an employment discrimination case in which Plaintiff alleges that she suffered adverse employment action and was ultimately fired because of her race, sex, and national origin, and that Defendant retaliated against her for reporting the same.[4]

In connection with her employment, Plaintiff signed an arbitration agreement.[5] Therein, the parties mutually agreed to arbitrate claims "arising out of or relating to [Plaintiff's] employment with [Defendant] or the termination of that employment" including but not limited to "discrimination and harassment claims . . . brought under Title VII . . . and any other employment-

---

[1] Dkt. No. 4.
[2] Dkt. No. 13.
[3] Dkt. No. 4.
[4] Dkt. No. 1-3.
[5] Dkt. No. 4-2.

related claims."[6] Excluded from the agreement, however, are, "to the extent required by law, administrative claims or charges before applicable federal and state administrative agencies (such as California's Department of Fair Employment and Housing, or the Equal Employment Opportunity Commission)."[7]

Plaintiff brought a charge with the Texas Workforce Commission ("TWC") and the Equal Employment Opportunity Commission ("EEOC") on September 3, 2021.[8] She received her Notice of Right to Sue on November 2, 2022, and timely filed suit in state court.[9] Defendant removed this case on February 10, 2023,[10] and now asks this Court to compel arbitration of Plaintiff's claims under 9 U.S.C. § 4.[11]

## II. DISCUSSION

The Federal Arbitration Act ("FAA") covers employment contracts,[12] and where a party fails to arbitrate under a written arbitration agreement, the aggrieved party may petition the Court to compel arbitration.[13] "The FAA reflects the fundamental principle that arbitration is a matter of contract."[14] Thereby, "the court [first] asks whether there is a valid agreement to arbitrate and, second, whether the current dispute falls within the scope of a valid agreement."[15]

But an arbitration agreement may delegate even these threshold questions to the arbitrator. As a matter of federal common law, parties may agree to arbitrate arbitrability, but that agreement

---

[6] *Id.* at 2, ¶ 1.a.
[7] *Id*. at 3, ¶ 1.e.
[8] Dkt. No. 1-3 at 3.
[9] *Id.*
[10] Dkt. No. 1.
[11] Dkt. No. 4.
[12] 9 U.S.C. § 2.
[13] *Id.* at § 4.
[14] *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010).
[15] *Edwards v. DoorDash, Inc.*, 888 F.3d 738, 743 (5th Cir. 2018).

must be "clearly and unmistakably" provided for.[16] The Fifth Circuit has found that incorporation of the JAMS rules into an agreement constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability[17] because JAMS Rule 11(b) states:

> Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. Unless the relevant law requires otherwise, the Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.[18]

Here, the parties have incorporated the JAMS rules into their agreement. This dispute's "relevant law" under JAMS Rule 11(b) is the FAA because the parties' agreement provides that "any arbitration under this provision shall be governed by the Federal Arbitration Act"[19] and that, *except as indicated by that provision*, "this Agreement shall be governed by and construed in accordance with the internal substantive laws . . . of the state of California."[20] Thus, the FAA applies to arbitrability, and California law is the parties' choice-of-law.

In this situation, the Court proceeds "by applying the federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the [FAA]."[21] "FAA rules apply absent clear and unambiguous contractual language to the contrary."[22] "A choice-of-law provision is insufficient, by itself, to demonstrate the parties' clear intent to depart from the FAA's default rules."[23]

---

[16] *Petrofac, Inc. v. DynMcDermott Petro. Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012) (citing *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)).
[17] *Cooper v. WestEnd Capital Mgmt., LLC*, 832 F.3d 534, 546 (5th Cir. 2016).
[18] Dkt. No. 4-3 at 9-10.
[19] Dkt. No. 4-2 at 2, ¶ 1.b.
[20] *Id.* at 4, ¶ 3.
[21] *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626, 105 S. Ct. 3346, 3353 (1985).
[22] *BNSF Ry. Co. v. Alstom Transp., Inc.*, 777 F.3d 785, 790 (5th Cir. 2015) (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 341 (5th Cir. 2004)).
[23] *Cooper,* 832 F.3d at 544.

Notwithstanding California state law to the contrary,[24] the Fifth Circuit in *Cooper* held that an agreement just like the one in this case required the parties to arbitrate arbitrability.[25] The analysis in *Cooper* skipped a step by deploying *BNSF* to trump California substantive law without explaining why the federal common law rule in *Petrofac* should stand on the same plane as the FAA itself. While federal law beats state law on matters covered by the FAA (like vacatur), the Fifth Circuit fails to explain why its own precedent should beat California's on contract interpretation matters not covered by the FAA (like arbitration of arbitrability). Still, this Court is bound to follow *Cooper*. The parties' choice-of-law provision "is insufficient to compel the application of California's arbitration standards."[26]

Accordingly, Plaintiff's arguments (that the arbitration agreement is invalid[27] and ambiguous[28]) are designated to the arbitrator. The Court declines to alter its decision based on Plaintiff's allegation of corruption among JAMS arbitrators since "[t]he arbitrator shall be chosen with the mutual agreement of the parties."[29]

Moreover, the Court has discretion to dismiss without prejudice instead of staying the case "when *all* of the issues raised in the district court must be submitted to arbitration."[30] If the parties' arbitration agreement is mandatory and covers all litigable issues, then there is no reason that the Court should keep this case on its docket. Here, the parties' agreement states in bold and caps that the parties "both give up their rights to have any disputes between them that are covered within

---

[24] *See Beco v. Fast Auto Loans, Inc.*, 86 Cal. App. 5th 292, 305, 302 Cal. Rptr. 3d 168 (2022) (citing *Ajamian v. CantorCO2e, L.P.*, 203 Cal. App. 4th 771, 790, 137 Cal. Rptr. 3d 773, 789 (2012)) (finding that incorporation by reference fails the clear and unmistakable test in the employment context).
[25] *Cooper*, 832 F.3d at 546 (citing *Petrofac*, 687 F.3d 675).
[26] *Id.* at 544.
[27] Dkt. No. 13 at 3-4, ¶ 8.
[28] *Id.* at 2, ¶ 5.
[29] Dkt. No. 4-2 at 3, ¶ 1.c.
[30] *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).

the scope of this agreement heard by a jury or resolved in any other forum, including court."[31] So long as the arbitrator finds that the agreement is valid and enforceable, there is nothing else for the Court to do, and dismissal is appropriate.

### III.  CONCLUSION

For the reasons analyzed herein, Defendant's motion to compel arbitration is **GRANTED**. Arbitration will proceed in Harris County, Texas, in accordance with the arbitration agreement,[32] and this case is **DISMISSED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

DONE at McAllen, Texas, this 16th day of March 2023.

_____
Micaela Alvarez
United States District Judge

---

[31] Dkt. No. 4-2 at 4, ¶ 1.g. (bold and caps omitted).
[32] *Id.* at 2, ¶ 1.c. ("[P]roceedings will be held in . . . the State and County in which the Employee works or worked for the Company.").